**DA HONG DAI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–1572–ag.

United States Court of Appeals, Second Circuit.

April 18, 2008.

Dehai Zhang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Lisa M. Arnold, Senior Litigation Counsel, Erica B. Miles, Attorney, Christopher J. Keeven, Law Clerk, Office of

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Da Hong Dai, a native and citizen of China, seeks review of a March 22, 2007 order of the BIA affirming the August 2, 2005 decision of Immigration Judge ("IJ") Sarah Burr denying Dai's applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Da Hong Dai,* No. A 96 241 752 (B.I.A. Mar. 22, 2007), *aff'g* No. A 96 241 752 (Immig. Ct. N.Y. City Aug. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or, more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (*en banc*). However, we will vacate and remand for new findings if the

agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We conclude that the agency's adverse credibility finding here is supported by substantial evidence. The IJ determined that the two intra-uterine contraceptive device ("IUD") booklets that Dai submitted in support of her claim were not genuine and were thus fatal to her credibility. *See Siewe v. Gonzales,* 480 F.3d 160, 170–71 (2d Cir.2007) (under the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything) "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence"); *Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 157–58 (2d Cir.2006) (approving agency's reliance on firmly-grounded expert finding of document fraud to reach conclusion that applicant was dissembling in her oral testimony).

In reaching this conclusion, the IJ reasonably relied on an expert witness's report and detailed testimony that (1) someone had deliberately manipulated the entries of the first booklet by erasing and overwriting two of the dates; (2) despite the second booklet containing dates that spanned two and one-half years, the nature of the entries indicated that they had been placed in the booklet at the same time; and (3) the ink used to overwrite the entries in the first booklet appeared (to a 90% certainty) to be the same as the ink used in the second booklet. This expert testimony provides substantial evidence for the IJ's finding that the documents were inauthentic and unreliable. The IJ's determination was, in fact, the functional equivalent of a "valid finding of fraud," and, because grounded in acceptable expert opinion, presents

none of the concerns about "unjustified assumptions and unsupported speculation" noted in *Souleymane Niang v. Mukasey*, 511 F.3d 138, 146 (2d Cir.2007) (citing *Siewe* in observing that although an expert finding of fraud is not always necessary to support an IJ finding of document inauthenticity, such a finding cannot be based on pure speculation).

Dai argues that the IJ's authenticity concerns about the IUD booklets and the dates were, in any event, not material to the prime issue of her claim, *i.e.*, whether she had had a forced abortion. We are not convinced. The IUD booklet was offered into evidence to establish that Dai was indeed pregnant in May 2000. Because that pregnancy is the very one she claims she was forced to terminate, the agency could reasonably conclude that fraudulent entries in the IUD booklets were material to undermining her claim of persecution through forced abortion. Dai's claim that the agency failed to consider her testimony that she did not know that the booklets had been altered, *see Siewe*, 480 F.3d at 171 (*falsus in uno* does not apply where alien does not know or have reason to know of lack of authenticity), was not exhausted before the BIA, and we therefore lack jurisdiction to review it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007).

Taken as a whole, the agency's adverse credibility finding was supported by substantial evidence. Because the only evidence of a threat to Dai's life or freedom or a likelihood of torture depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.